## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEVIN NOE BAUTISTA PINEDA,                    :      No. 3:26cv1427
          **Petitioner**                       :

                                     :      **(Judge Munley)**
                                     :

     v.                                    :

ANGELA HOOVER Warden, Clinton       :
County Correctional Facility;
BRIAN MCSHANE Field Office          :
Director, U.S. Immigration and
Customs Enforcement and Removal     :
Operations ("ICE/ERO"), Philadelphia :
Field Office; TODD LYONS, Acting    :
Director of U.S. Immigration and
Customs Enforcement ("ICE");        :
MARKWAYNE MULLIN, Secretary of      :
U.S. Department of Homeland
Security ("DHS"); TODD BLANCHE      :
Attorney General of the United
States,                             :
             **Respondents**                     :

## MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by Levin Noe Bautista Pineda pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his present detention at the Clinton County Correctional Facility by Immigration and Customs Enforcement ("ICE") and the Department of Homeland Security ("DHS"). For the reasons set forth below, respondents will be afforded seven (7)

days to clarify whether Bautista Pineda has any criminal history or pending charges. Absent that showing, Bautista Pineda will be released.[1]

Bautista Pineda is a native and citizen of Honduras. (Doc. 4-2, Resp. Ex. 1, Form I-213 at 2). His marital status appears to be disputed. In his petition, Bautista Pineda asserts that he is married to lawful permanent resident.[2] (Doc. 1, Pet. ¶ 14). Respondents' records, however, reflect that Bautista Pineda is unmarried. (Doc. 4-2, Resp. Ex. 1, Form I-213 at 4). It is undisputed that petitioner has no children. (Id. Form I-213 at 4). The record provides little information regarding petitioner's employment history.

Petitioner entered the United States of America in May 2005 at an unknown location without being admitted or paroled. (Doc. 4-2, Resp. Ex. 1, Form I-213, at

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Bautista Pineda filed the instant petition while detained at the Clinton County Correctional Facility in McElhattan, Pennsylvania, which is located in the Middle District of Pennsylvania. The petitioner asserts that his continued detention violates his right to due process. He also asserts that the wrong provision of the Immigration and Nationality Act ("INA") is being used to justify his detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

[2] Bautista Pineda attached copies of his spouse's lawful permanent resident card and his marriage certificate. (Doc. 1-3, Ex. A, Green Card and Marriage Cert. at ECF pp. 2-4). The marriage certificate, however, is difficult to read and only partially legible.

Even assuming the validity of the marriage, petitioner does not allege that he has taken any steps to obtain immigration benefits through his spouse's status. Nor does he indicate that he has filed, or intends to file, an application for adjustment of status on that basis. Instead, petitioner asserts that he is eligible for cancellation of removal pursuant to Section 240A(b) of the INA and represents that he intends to pursue such relief before an Immigration Judge ("IJ"). (Doc. 1, Pet. ¶ 16).

2; Doc. 1, Pet. at 3; Doc.1, Pet. ¶ 13).  Beyond that fact, neither party has provided any meaningful information regarding petitioner's whereabouts, activities, or immigration history between his entry into the United States and his present detention.

On May 7, 2026, Bautista Pineda was detained by ICE. (Doc. 4-2, Resp. Ex. 1, Form I-213, at 3).  According to respondents' records, the Salem Township Police Department conducted a traffic stop of a vehicle in which petitioner and two other individuals were traveling. (Id.)  Respondents provide no explanation as to why the vehicle was stopped.  Following the encounter, the Salem Township police contacted the Enforcement and Removal Operations ("ERO") Philadelphia, Williamsport Sub-Office. (Id.)  ERO officers subsequently conducted a telephonic interview of Bautista Pineda, during which he acknowledged that he was a Honduran national who was not lawfully present in the United States.[3] (Id.)  Petitioner was thereafter taken into ICE custody. (Id.)

Respondents' records further state that petitioner "has no criminal history outside the instant offense." (Doc. 4-2, Resp. Ex. 1, Form I-213, at 4).  Those same records list under "current criminal charges" only "8 USC 1192 – Alien Inadmissible under Section 212." (Id. at 3).  These entries are vague and provide

---

[3] Respondents' records indicate that ERO recovered a *Guatemalan* national identification document belonging to petitioner during the course of the arrest. (Id. at 4).

3

little meaningful information.  Respondents do not identify any criminal offense committed by the petitioner, nor do they clarify petitioner's involvement, if any, in the events leading to the traffic stop.  Consequently, the present record sheds little light on the factual basis underlying petitioner's detention.

Following his arrest, petitioner was placed in removal proceedings and served with a Notice to Appear charging him as removable pursuant to Sections 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the INA. (Doc. 4-3, Resp. Ex. 2, Notice to Appear at 1).  The Notice to Appear directed Bautista Pineda to appear before an IJ on May 18, 2026. (Id.)  Petitioner is currently scheduled for an individual hearing on July 7, 2026.[4]

In his petition for a writ of habeas corpus, Bautista Pineda contends that the government has improperly subjected him to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  According to petitioner, his detention is instead governed by 8 U.S.C. § 1226(a), which authorizes discretionary detention and provides a mechanism through which a detainee may seek release on bond.  Petitioner maintains that the government's misclassification has deprived him of

---

[4] See U.S. Immigration and Customs Enforcement Online Detainee Locator System available at: https://acis.eoir.justice.gov/en/caseInformation (last accessed June 23, 2026).

a bond hearing and, in turn, violated his right to due process. As relief, petitioner seeks immediate release.[5] (See Doc. 1, Pet. ¶ 43-49).

Respondents disagree. The United States Attorney's Office for the Middle District of Pennsylvania asserts that 8 U.S.C. § 1225(b)(2)(A) applies to the petitioner and that his detention does not violate the INA or the Due Process Clause of the Fifth Amendment.[6] Two appellate decisions align with the respondents' reading of Section 1225, Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This manner of statutory construction authorizes indefinite confinement of individuals like the petitioner.

---

[5] Bautista Pineda has filed an emergency motion seeking a temporary restraining order, a stay of removal, and a preliminary injunction. (Doc. 5). Through that motion, petitioner requests that the court temporarily restrain respondents from removing him from the United States of America pending resolution of his habeas petition or further order of the court. (Doc. 5, Emergency Motion at 2). Petitioner further asks the court to order an individualized bond hearing or, alternatively, his immediate release from custody. (Id.)

Petitioner submitted a supporting brief in which he largely reiterates the arguments advanced in his petition. (Doc. 6, Br. in Supp. at 1-8).

[6] Respondents contend that the only proper respondent is Angela Hoover, the Warden of Clinton County Correctional Facility. (Doc. 4, Resp. Br. at 2 n. 2). Here, consistent with Padilla, Bautista Pineda has named the Warden as a respondent. 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent."). Because petitioner has named a proper respondent, the court need not determine whether the remaining respondents should be dismissed. To the extent that Angela Hoover is the only proper respondent in this matter, Hoover is acting as an agent of ICE and the government will be bound by the order. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *1, n.1 (M.D. Pa. Dec. 31, 2025).

5

On the other hand, the Second Circuit Court of Appeals, the Sixth Circuit Court of Appeals, and the Eleventh Circuit Court of Appeals, and at least 370 federal district court judges, including the undersigned, reject the government's reading of Section 1225.[7] See Barbosa da Cunha v. Freden, 175 F.4th 61, 78 (2d Cir. 2026); Lopez-Campos v. Raycraft, No. 25-1965, 2026 WL 1283891, at *13 (6th Cir. May 11, 2026);  Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, No. 25-14065, 2026 WL 1243395, at *5–20 (11th Cir. May 6, 2026); see also Castanon-Nava v. U.S. Dep't of Homeland Sec., No. 25-3050, --- F. 4th ----, 2026 WL 1223250, at *9–21 (7th Cir. May 5, 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).  Respondents acknowledge the existence of these decisions. (Doc. 4, Resp. Br. at 2) (collecting cases).  The court thus reads the response as not contesting the facts of Bautista Pineda's petition and only preserving a narrow Section 1225(b)(2)(A) versus Section 1226(a) legal argument for appellate purposes.

---

[7] This total also includes all judges in the Middle District of Pennsylvania to consider the issue. See Quispe v. Rose, No. 3:25-CV-2276, --- F. Supp. 3d ----, 2025 WL 3537279, at *5 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865 at *5 (December 8, 2025) (Mariani, J.); Nossov v. Hoover, No. 1:25-2562, 2026 WL 711691, at *3 (M.D. Pa. Mar. 13, 2026) (Mannion, J.); Diaz Aparicio v. Lowe, No. 3:25-CV-02413, 2026 WL 526702, at *8 (M.D. Pa. Feb. 25, 2026) (Saporito, J.); Romero v. Lowe, No. 4:26-CV-00009, 2026 WL 296215, at *5 (M.D. Pa. Feb. 4, 2026) (Brann, C.J.); Hernandez v. Kunes, No. 1:25-CV-01847, 2026 WL 411726, at *5 (M.D. Pa. Feb. 13, 2026) (Wilson, J.); Chaudhari v. Rose, No. 3:26-CV-242, 2026 WL 540378, at *6 (M.D. Pa. Feb. 26, 2026) (Neary, J.).

With respect to this matter, the court sees no reason to deviate from Hernandez Alvarez, Barbosa da Cunha, Lopez-Campos, or its prior decisions.[8] The parties' disagreement thus distills down to a single question: whether Bautista Pineda is subject to mandatory detention under Section 1225(b)(2)(A) or a discretionary detention under Section 1226(a).[9]

Under Section 1226(a), a noncitizen in removal proceedings *may* be detained pending a decision on removal. 8 U.S.C. § 1226(a). However, pending a removal decision, the noncitizen also may be released on bond or conditional parole following an individualized hearing before an immigration judge. 8 U.S.C. § 1226(a)(1)–(2); 8 C.F.R. §§ 236.1(d), 1236.1(d). On this record, it appears that Section 1226(a) applies. As discussed next, however, the circumstances

---

[8] The Third Circuit Court of Appeals heard oral argument regarding this issue on May 11, 2026, based on the government's appeals in Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025), app. filed sub nom. Morocho v. Warden Phila. FDC, No. 26-1150 (3d. Cir. Jan 22. 2026) and Andrade v. Rose, No. 26-603, 2026 WL 401189 (E.D. Pa. Feb. 12, 2026), app. filed sub nom., De Andrade v. Director Phila. Field Off. Immig., No. 26-1454 (3d Cir. Mar. 2, 2026).

[9] Bautista Pineda is an "applicant for admission" under Section 1225(a), but he is not "seeking admission" because he is not requesting lawful entry into the United States after inspection and authorization. Barbosa da Cunha, 175 F.4th at 73-78. Moreover, the government's reading of Section 1225 "defies the statute's context, structure, history, and purpose; contradicts the Supreme Court's dicta in Jennings [v. Rodriguez, 583 U.S. 281 (2018)] and longstanding Executive Branch practice; and its interpretation of the statute raises serious constitutional questions that should be avoided even if the statutory language were ambiguous." Id.

7

surrounding Bautista Pineda's encounter with municipal police needs to be fleshed out before ruling on the petition.

The lack of details surrounding the traffic stop also bears on the constitutional issues raised in Bautista Pineda 's petition.  It is undisputed in this case that petitioner entered the United States illegally without being initially admitted or paroled.  People who enter this country without legal authorization are not stripped immediately of all their rights because of this single illegal act. See Lozano v. City of Hazleton, 496 F. Supp. 2d 477, 498 (M.D. Pa. 2007), aff'd in part, vacated in part, 620 F.3d 170 (3d Cir. 2010), cert. granted, judgment vacated sub nom. City of Hazleton, Pa. v. Lozano, 563 U.S. 1030 (2011), and aff'd in part, rev'd in part, 724 F.3d 297 (3d Cir. 2013).  That is, the Due Process Clause applies to everyone, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).

To reiterate, "[n]o person," including the petitioner, "shall…be deprived of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992) (citation omitted); see also Zadvydas, 533 U.S. at 721 (Kennedy, J., dissenting) ("both removable and

inadmissible aliens are entitled to be free from detention that is arbitrary or capricious.").

As the record presently stands, the procedural due process factors in Mathews v. Eldridge, 424 U.S. 319 (1976) support a conclusion that Bautista Pineda's continued imprisonment at the Clinton County Correctional Facility pursuant to a mandatory detention statute violates his constitutional rights.[10] Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008).

---

[10] Those factors are 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews, 424 U.S. at 335.  First, petitioner's private interest is the interest in not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted).  Second, he has been detained without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *6 (M.D. Pa. Dec. 8, 2025) (citing Bethancourt Soto v. Soto, No. 25-CV-16200, 807 F. Supp. 3d 397, 409 (D.N.J. 2025)); Quispe, 2025 WL 3537279 at *7.  As to the third consideration, the government has an interest in detaining noncitizens to ensure their appearance at future immigration proceedings and to prevent danger to the community. This order seeks to clarify whether Bautista Pineda has a criminal record or pending criminal charges.

9

The court declines at this juncture, however, to order Bautista Pineda's immediate release. As discussed above, respondents' records are unclear regarding petitioner's criminal history and whether he has ever been charged with or convicted of any criminal offense. There is also evidence in petitioner's A-file that may relate to the petitioner or a different noncitizen.[11] These uncertainties bear directly upon the question of whether the government can justify petitioner's continued detention even if Section 1226(a) applies.

Accordingly, respondents will be afforded a final opportunity to clarify the record. Within seven (7) days, respondents shall file any documents in their possession, custody, or control concerning petitioner's criminal history. If respondents fail to do so, the court will order petitioner's immediate release from the Clinton County Correctional Facility on his own recognizance.

Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) Ruling on Levin Noe Bautista Pineda's petition for writ of habeas corpus, (Doc. 1), **IS HELD IN ABEYANCE** pending respondents' submission of additional information concerning petitioner's criminal history;

---

[11] Respondents attached a Form I-213 that purportedly pertains to Bautista Pineda and includes a photograph of him. (Doc. 4-2, Resp. Ex. 1, Form I-213 at 2). Respondents also submitted a document entitled "NNSV Query Result" which contains a photograph of a different individual who does not appear to be the petitioner in this case. (Doc. 4-5, Resp. Ex. 4, NNSV at 9). Also, that same document lists several other individuals whose middle or last name is "Bautista" and who appear to have a criminal history. (Id. at 10). Based on these discrepancies, it appears that the government may have inadvertently attached records from the A-File of a different noncitizen with a similar name.

10

2) On or before **June 26, 2026 at 12:00 noon**, respondents shall file any documents within their possession, custody, or control that shed light upon petitioner's criminal history;

3) If respondents fail to comply with this directive, the court will enter a separate order directing petitioner's immediate release.

Date: 6/23/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

11